-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRUCE HOGAN, 03-B-0110,

          Petitioner,

          -v-

LIVINGSTON CORRECTIONAL FACILITY,

          Respondent.
_____

**DECISION AND ORDER**
05-CV-6440CJS

      Petitioner Bruce Hogan, acting *pro se*, an inmate of the Livingston Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Erie County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. Petitioner has failed to identify a proper respondent to his § 2254 habeas corpus petition. 28 U.S.C. § 2243. Given that petitioner is incarcerated in the Livingston Correctional Facility, the correct respondent therefore would be the Superintendent of the Livingston Correctional Facility. In light of petitioner's *pro se* status and the fact that this in no way will prejudice respondent, and in the interests of court efficiency, the Court will deem the petition amended to change the name of respondent to the Superintendent of the Livingston Correctional Facility.

      Petitioner has paid the $5.00 filing fee. Nevertheless, petitioner has also requested permission to proceed *in forma pauperis*, and applied to the Court for

appointment of counsel. Based on review of the petition, petitioner's request for permission to proceed *in forma pauperis* is granted, but motion for appointment of counsel is denied without prejudice at this time. There is no showing that an evidentiary hearing is required, petitioner is not seeking to vacate or set aside a sentence of death, and there is no indication that the interests of justice require the appointment of counsel at this time.

Accordingly, IT HEREBY IS ORDERED as follows:

1. Petitioner's request to proceed as a poor person is granted.

2. Petitioner's request for appointment of counsel is denied without prejudice.

3. Respondent, Superintendent of the Livingston Correctional Facility, shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **October 18, 2005**. Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in Supreme Court at issue now before this Court shall submit such records to the respondent or respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court

3

to act upon the motion within that time shall not further extend the time for filing an answer.

4. The Clerk of Court shall amend the caption to reflect the proper respondent, the Superintendent of the Livingston Correctional Facility, and shall serve a copy of the petition, together with a copy of this order upon respondent Superintendent of Livingston Correctional Facility and upon the Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614. To advise appropriate Erie County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Erie County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Aug 3, 2005

4