UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE HOGAN,

                **DECISION AND ORDER**
      Petitioner,         No. 05-CV-6440(VEB)

  -vs-

SUPERINTENDENT OF THE LIVINGSTON
CORRECTIONAL FACILITY,

      Respondent.
_____

**I.  Introduction**

Petitioner Bruce Hogan ("Hogan" or "petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court of New York State on two counts of attempted robbery in the second degree. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c)(1).

**II.  Factual Background and Procedural History**

Hogan was found guilty by a jury of two counts of attempted robbery in the second degree (N.Y. Penal Law §§ 110.00, 160.10(2)(a), (b)) based on his alleged involvement in an incident involving victim Henry Moore in the City of Buffalo on September 15, 2001. Hogan's first trial on these charges resulted in a hung jury. According to the prosecution's proof at both trials, Hogan approached Moore during broad daylight and, brandishing a gun, told Moore to "Give it up." Moore refused, and Hogan used the gun to attempt to force Moore to turn away from him. At this point, the two men scuffled over the gun; Moore grabbed the gun, causing it to fall out of Hogan's hand. Hogan struck Moore in the face but Moore was able pick up the gun

from the ground and point it at Hogan, who fled. The police responded to the scene but were not able to make an arrest that day. Several days later, Moore saw Hogan in the same neighborhood where the attempted robbery had occurred and notified the police. Moore identified Hogan from a photographic array and Hogan was arrested.

The jury at Hogan's second trial returned a verdict convicting him as charged in the indictment. He was sentenced as a second violent felony offender to two concurrent determinate terms of imprisonment of five years; a five-year period of post-release supervision also was imposed.

On direct appeal, Hogan's conviction was unanimously affirmed by the Appellate Division. *People v. Hogan*, 15 A.D.3d 944 (App. Div. 4th Dept. 2005). Permission to appeal to the New York Court of Appeals was denied. *People v. Hogan*, 5 N.Y.3d 763 (N.Y. 2005). This federal habeas petition followed. For the reasons set forth below, the petition is denied.

### III. Discussion

#### A. Standard of Review

To prevail under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 375-76 (2000).

#### B. Merits of Claims Raised in the Petition

       **1.**      **Petitioner's Re-Trial Did Not Violate the Double Jeopardy Clause**

Hogan contends that his Fifth Amendment right to be free from Double Jeopardy was violated because he was "convicted on same evidence no new evidence [sic] presented at second trial." Pet. at 8 (Docket No. 1). On direct appeal, Hogan's appellate counsel contended that the prosecution at the first trial failed to disprove Hogan's alibi defense beyond a reasonable doubt and this alleged insufficiency of the evidence was why the trial resulted in a hung jury. However, appellate later stated in his brief under a different argument that the evidence at both trials was essentially the same. The Appellate Division rejected the claim, holding that "'[b]ecause the evidence at the first trial [was] legally sufficient, . . . the retrial did not violate the prohibition against double jeopardy[.]'" *People v. Hogan*, 15 A.D.3d at 944 (quoting *People v. Smith*, 8 A.D.2d 965, 966 and citing *People v. Montgomery*, 1 A.D.2d 984, 985, *lv. denied*, 1 N.Y.3d 631). Respondent argues that because trial counsel did not object to the mistrial being declared at the first trial or raise a Double Jeopardy claim before the trial court before the commencement of the second trial then, his claim has been waived. Respondent's Memorandum of Law ("Resp't Mem.") at 3 (citing *Paul v. Henderson*, 698 F.2d 589 (2d Cir.), *cert. denied*, 464 U.S. 835 (1983)).

The Court agrees with respondent that petitioner has waived his claim to double jeopardy. It is well-established that the "constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived." *Paul v. Henderson*, 698 F.2d 589, 592 (2d Cir.), *cert. denied*, 464 U.S. 835 (1983) (quoting *United States v. Perez*, 565 F.2d 1227, 1232 (2d Cir. 1977)). In *Henderson*, the defendant failed to present his double jeopardy claim to the trial court before the commencement

of the second trial at the pretrial motion stage. The Second Circuit held that the defendant had waived his right and that he could not be "heard to complain now that his right has been abridged." *Id.* In this case, there is no indication in the record that Hogan asserted his double jeopardy claim before he was subjected to the second trial, and therefore it has been waived. *Accord*, *e.g.*, *Pawloski v. Kelly*, 932 F. Supp. 475, 481 (W.D.N.Y. 1995) (adopting Report and Recommendation).

In the alternative, respondent argues that Hogan's claim is without merit as a matter of federal law. Resp't Mem. at 3 (citing *Richardson v. United States*, 468 U.S. 317 (1984) (holding that neither failure of jury to reach verdict nor trial court's declaration of a mistrial following a hung jury was an event that terminated original jeopardy which attached when jury was sworn, so that defendant had no valid double jeopardy claim that second trial was barred because of failure to introduce legally sufficient evidence to go to jury, regardless of sufficiency of evidence at first trial)).

*Richardson* is clear Supreme Court authority supporting the proposition that a retrial following a trial ending in a hung jury does not violate the double jeopardy clause, regardless of the sufficiency of the evidence at the first trial.  In *Richardson*, the defendant argued that if the government failed to introduce sufficient evidence to establish his guilt beyond a reasonable doubt at his first trial, he could not be tried again following a declaration of a mistrial because of a hung jury. 468 U.S. at 323.  The Supreme Court rejected defendant's reliance upon *Burks v. United States*, 437 U.S. 1, 18 (1978), noting that *Burks* held only that once a defendant obtained an unreversed appellate ruling that the government had failed to introduce sufficient evidence to convict him at trial, a second trial was barred by the double jeopardy clause. Where, as in

Hogan's case, "there has been only a mistrial resulting from a hung jury, *Burks* simply *does not require* that an appellate court rule on the sufficiency of the evidence because retrial might be barred by the Double Jeopardy Clause." *Id.* (emphasis added) (citing *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 308-310 (1984)). The Supreme Court stated that it has "constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *Id.* at 326. Thus, *Richardson* "reaffirm[ed] the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected." *Id.* The Supreme Court explained that like the defendant, the prosecution "is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree." *Id.* Therefore, the Supreme Court held in *Richardson*, "[r]egardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." *Id.*; *accord*, *e.g.*, *United States v. Gotti*, 413 F. Supp.2d 287, 294 (S..D.N.Y. 2005); *Pawloski v. Kelly*, 932 F. Supp. at 481. Accordingly, Hogan's double jeopardy claim based on the alleged insufficiency of the evidence has no basis in federal law and is denied.

    **2.**    **Petitioner Was Not Deprived of the Effective Assistance of Counsel**

Hogan states in his petition that he was subjected to the "[d]enial of effective assistance of counsel" because "[c]ounsel refused to call two apporiate [sic] witnesses to testify on [his] behalf[.]" Pet. at 7 (Docket No. 1). Hogan does not identify the alibi witness or what his or her proposed testimony would have been. *See id.* Hogan also complains that trial counsel did not call petitioner to testify. *See* Pet. at 2 (Docket No. 1). This is the extent of the information that Hogan provides concerning this claim.  As respondent asserts, the claim is unexhausted as Hogan never

raised it in a proceeding before any state court. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-44 (1999); *accord, e.g.*, *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.1994), *cert. denied*, 514 U.S. 1054 (1995). Under the 1996 amendments to 28 U.S.C. § 2254(b)(2), however, federal courts now have the authority to deny a petition containing unexhausted claims on the merits. *See* 28 U.S.C. § 2254(b)(2). Because Hogan's claim does not warrant habeas relief under any standard of review, the Court dismisses it on the merits, as explained more fully below.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test to determine if counsel's assistance was ineffective: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This performance is to be judged by an objective standard of reasonableness. *Id.* at 688; *accord, e.g.*, *Bell v. Cone*, 535 U.S. 685 (2002). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. at 689 (citation omitted); *accord, e.g.*, *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001); *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001).

Second, the defendant must show prejudice from counsel's performance. *Strickland v. Washington*, 466 U.S. at 687. The "question is whether there is a reasonable probability that,

absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. Put another way, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court also made clear that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

"The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir.), *cert. denied*, 484 U.S. 958 (1987); *accord*, *e.g.*, *United States v. Smith*, 198 F.3d 377, 386 (2d Cir. 1999); *United States v. Eisen*, 974 F.2d 246, 265 (2d Cir. 1992) . Given the inherently tactical nature of the decision not to call a particular witness, the Second Circuit generally has refrained from disturbing such choices by trial counsel.  *See Trapnell v. United States*, 725 F.2d 149, 155 (2d Cir.1983) ("We have repeatedly noted our reluctance to second-guess matters of trial strategy simply because the chosen strategy was not successful."); *accord*, *e.g.*, *Pavel v. Hollins*, 261 F.3d 210, 217 (2d Cir. 2001); *see also United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) ("[T]he tactical decision of whether to call specific witnesses-even ones that might offer exculpatory evidence-is ordinarily not viewed as a lapse in professional representation."); *United States v. Eyman*, 313 F.3d 741, 743 (2d Cir. 2002) ("A failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel."), *cert. denied*, 123 S. Ct. 1949 (2003); *Strickland*, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Thus, "[c]omplaints of

uncalled witnesses are not favored on federal habeas review.'" *DeArmas v. People of State of N.Y.*, 804 F. Supp. 524, 529 (S.D.N.Y. 2004) (quoting *Aponte v. Scully*, 740 F. Supp. 153, 158 (E.D.NY. 1990)).

Hogan fails to identify the alleged alibi witness in his habeas petition; he may be referring to the alibi witness called by trial counsel at the first trial, but it is not clear. The claim is therefore totally speculative; a petitioner cannot claim that trial counsel was ineffective in failing to call a witness when the petitioner fails to provide the Court with what the witness' proposed testimony would have been, let alone who the witness was and whether the individual even would have agreed to testify on behalf of the defense at trial. *See McPherson v. Greiner*, No. 02 Civ.2726 DLC AJP, 2003 WL 22405449, *25 (S.D.N.Y. Oct. 23, 2003) ("[Petitioner]'s claims that trial counsel was ineffective for failing to investigate are conclusory and give no indication as to what exculpatory evidence a proper investigation would have revealed, or how such evidence would have benefitted [petitioner]'s case.") (citing *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990) ("To affirmatively prove prejudice [from counsel's failure to investigate], a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial. Moreover, if potential trial witnesses are not called to testify at a postconviction review hearing, the petitioner ordinarily should explain their absence and 'demonstrate, with some precision, the content of the testimony they would have given at trial.'")). Such speculation satisfies neither the deficient performance nor the prejudice prong of *Strickland*'s rigorous two-part test. *Id.* (citing *Rosario v. Bennett*, 01 Civ. 7142, 2002 WL 31852827, at *33 (S.D.N.Y. Dec. 20, 2002) (citations omitted in original); *Vasquez v. United States*, 96 Civ. 2104, 91 Cr. 153, 1997 WL

148812, at *2 (S.D.N.Y. Mar. 28, 1997) (holding, in a 28 U.S.C. § 2225 case, that "petitioner's allegations with regard to alleged counsel errors in pre-trial preparation and investigation and trial advocacy [we]re 'vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source,' and, accordingly, . . . '[t]he vague and unsubstantiated nature of the claims' defeated petitioner's claim of ineffective assistance of counsel. . . .") (citations omitted in original)); *see also* Parnes v. United States*, 94 Civ. 6203, 91 CR 152, 91 CR 165, 1995 WL 758805, at *3 (S.D.N.Y. Dec.21, 1995) (holding, in a 28 U.S.C. § 2225, case that "vague allegations d[id] not permit the Court to conclude that the alleged errors of Petitioner's counsel fell below 'prevailing professional norms'. . . and "[a]ccordingly . . . Petitioner's claim that he received ineffective assistance of counsel" was rejected on that basis); *Hartley v. Senkowski*, No. CV-90-395, 1992 WL 58766, at *2 (E.D.N.Y. Mar. 18, 1992) ("In light of th[e] demanding [*Strickland* ] standard [for demonstrating ineffectiveness], petitioner's vague and conclusory allegations that counsel did not prepare for trial or object to errors carry very little weight."); *Matura v. United States*, 875 F. Supp. 235, 237-38 (S.D.N.Y.1995) (holding, in a 28 U.S.C. § 2255 case, that mere conclusory allegations that counsel was ineffective failed "to establish that his counsel's performance was deficient [and] . . . fail[ed] to overcome the presumption [under *Strickland* ] that counsel acted reasonably. . . ."). Therefore, Hogan's claim that trial counsel was ineffective for not calling a witness to present an alibi must be denied. *Accord*, *e.g.*, *McPherson v. Greiner*, 2003 WL 22405449, at *25.

With regard to Hogan's claim that trial counsel should have called him to testify in his own behalf, as respondent points out, the record does not reflect that Hogan ever indicated that he wanted to testify. Resp't Mem. at 5. Thus, Hogan's after-the-fact assertion that he was

prevented from testify lacks credibility. It is true that the right to testify is well-grounded in the Fifth, Sixth and Fourteenth Amendments, *Rock v. Arkansas*, 483 U.S. 44, 51, 52 (1987), and is a personal right that cannot be waived by counsel, *United States v. Ortiz*, 82 F.3d 1066, 1070 (D.C. Cir. 1996). Thus, the Second Circuit has held that the decision whether a defendant should testify at trial is for the defendant himself to make, and "trial counsel's duty of effective assistance includes the responsibility to advise the defendant concerning the exercise of this constitutional right." *Brown v. Artuz*, 124 F.3d 73, 74 (2d Cir.1997); *accord, e.g.*, *Hammouda v. United States*, 2006 WL 941759, *5 (E.D.N.Y. Apr. 10, 2006); *Ruiz v. United States*, 2000 WL 1010828, *4 (S.D.N.Y. July 21, 2000)). When a defendant claims that his counsel rendered ineffective assistance by preventing him from testifying or at least failing to advise him concerning his right to testify, that claim should be assessed using *Strickland*'s two-prong test. *See id.* at 74, 79. However, as other federal courts have noted, a """barebones assertion" that his attorney told him not to testify in his own defense, even if that assertion is made under oath, has been held to be insufficient to justify a hearing or other action on a petitioner's claim that his right to testify in his own defense was denied him.'" *Hammouda v. United States*, 2006 WL 941759 at *5 (quoting *Scire v. United States*, No. 96-CV-3446, 1997 WL 138991, *11 (E.D.N.Y. Mar. 24, 1997) (citing *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991); *Acevedo v. Demskie*, 96 CV 3141, 1999 WL 325055, at *2 (E.D.N.Y. May 11, 1999); *Millian v. United States*, No. CV 95-3486, 1997 WL 793113 (E.D.N.Y. Nov. 18, 1997)). Here, Hogan has not made such an assertion, let alone claimed that he made it under oath.

Even assuming, *arguendo*, that petitioner was not advised of his right to testify, or that trial counsel somehow prevented him from doing so, petitioner has offered no evidence

demonstrating that his failure to testify prejudiced his defense. *See Brown*, 124 F.3d at 79-81 (defendant claiming ineffective assistance due to counsel's failure to advise about personal right to testify must still establish prejudice under second prong of *Strickland* ). Hogan does not provide any indication what his proposed testimony would have been or how it would have assisted the defense. This is fatal to his claim because it is impossible to determine how trial counsel's failure to call petitioner to testify possibly could have prejudiced the defense. It is far more probable that, had petitioner testified, his defense would have been prejudiced since he was ultimately adjudicated as a second violent felony offender based on a previous conviction of attempted criminal possession of a weapon; that potentially could have been brought out on cross-examination. *See United States v. Eisen*, 974 F.2d at 265 (holding that trial counsel was not ineffective for failing to call defendant because "[i]t was a reasonable tactical decision to rely exclusively on attacking the Government's witnesses and presenting independent testimony rather than to subject [defendant] to all of the risk attendant on cross-examination"). Hogan has failed to demonstrate either that trial counsel was unreasonable in failing to have him testify in his own behalf or how the outcome of his trial was prejudiced by his failure to testify. Therefore, this aspect of Hogan's ineffective assistance of counsel claim must be denied.

### 3. The verdict was based on legally sufficient evidence.

Hogan states in his petition that the "[e]vidence at second trial was insufficient as a matter of law." Pet. at 8 (Docket No. 1). According to Hogan, the "victims [sic] testimony was incredible or unreliable as a matter of law (inconsistent)." *Id.* Hogan states that the "victim changed his story at second trial from all of the other times he testified." *Id.* On direct appeal, the state appellate court determined that the evidence at both the first and second trial was "legally

sufficient to support the conviction[.]" *People v. Hogan*, 15 A.D.3d at 944.

The law in concerning the sufficiency of the evidence is well settled: The reviewing court's inquiry is limited to asking whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *accord, e.g*, *People v. Contes*, 60 N.Y.2d 620, 621 467 N.Y.S.2d 349, 349-350 (N.Y. 1983). This sufficiency-of-evidence "inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993).  Under the *Jackson* standard for reviewing evidentiary sufficiency, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *accord Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) ("[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on [habeas] appeal."); *United States v. Vasquez*, 267 F.3d 79 (2d Cir. 2001) ("The jury chose to believe the witnesses' testimony despite any inconsistencies. We will defer to the jury's assessment of credibility.") (citing *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998) ("Where there is conflicting testimony at trial, we defer to the jury's resolution of the witnesses' credibility.") (citing *United States v. Stratton*, 779 F.2d 820, 828 (2d Cir. 1985)); *Glasser v. United States*, 315 U.S. 60, 80 (1942) ("It is not for us to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."), *superseded by statute on other grounds*, *in part*, *as recognized in Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *Gruttola v. Hammock*, 639

F.2d 922, 928 (2d Cir. 1981) ("The jury chose to believe the State's witnesses, despite the inconsistencies in the evidence . . . . We cannot say that no rational jury could have found guilt beyond a reasonable doubt on all the evidence.").

A review of the proof submitted in this case establishes that there was more than sufficient evidence for the jury to find, beyond a reasonable doubt, that petitioner was guilty of attempting to rob Moore, the victim in this case. Moore was a sober sixty-two-year-old retired steelworker who testified that he was accosted by Hogan in broad daylight just days after he had been the victim of another robbery. Moore testified that it was a clear, sunny day when Hogan approached him holding a gun. Moore related testified that he was in a heightened state of awareness due to the previous robbery. During the incident, the victim and petitioner were face-to-face. The victim said, "No, not this time" and he and petitioner scuffled over the gun for five to six seconds. Petitioner hit the victim with his fist, but the victim seized the gun and pointed it at petitioner, who ran away.

Several days later, Moore saw petitioner on a porch in the neighborhood where the attempted robbery occurred; it was the same house from which Moore had seen him leave on the day of the incident. Moore contacted the police, and about a month later identified Hogan in a photographic array as the man who had robbed him. Hogan was arrested on October 17, 2001. The victim testified that there was no doubt in his mind that Hogan was the individual who attempted to rob him. Moore never identified anyone else but Hogan as the perpetrator, and he had more than adequate time to look him in the face during the incident and observe his features. Hogan was not wearing a mask and there was nothing obstructing the victim's view of petitioner's face. Any difference in the victim's estimation of petitioner's height and petitioner's

actual height was insignificant; the victim acknowledged that he was not positive about the robber's height. *See Means v. Barkley*, No. 98 Civ. 7603(DLC), 2000 WL 5020, *4 (S.D.N.Y. Jan. 4, 2000) (rejecting habeas petitioner's insufficiency of the evidence claim;"The alleged inconsistencies in Mendez's description of Means" earring and facial hair are insufficient to undermine Mendez's testimony. It is the 'responsibility of the trier of fact to resolve conflicts in the testimony [and] to weigh the evidence.'") (quoting *Jackson*, 443 U.S. at 319). The testimony of a single uncorroborated witness is sufficient to achieve a showing of guilt beyond a reasonable doubt, *United States v. Danzey*, 594 F.2d 905, 916 (2d Cir.) (*per curiam*), *cert. denied sub nom.*, *Gore v. United States*, 441 U.S. 951 (1979), even if that witness's testimony is less than entirely consistent, *Edwards v. Jones*, 720 F.2d 751, 755 (2d Cir.1983).  Here, the remainder of the victim's testimony regarding Hogan's identity was clear and compelling, and Hogan has provided no basis for finding that it was "incredible" or unworthy of belief.

     Hogan's argument on habeas review that the victim was not credible merely repeats an argument already presented to, and rejected by the jury. In the context of a challenge to the sufficiency of the evidence, the Court may not attempt to second-guess a jury's credibility determination. *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006) (rejecting insufficiency-of-the-evidence claim where defendant challenged the accomplices' credibility based on their plea agreements with the government and their long histories of criminal and dishonest behavior) (citing *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ( "It is not for the court on a Rule 29 motion to make credibility determinations . . . ." ); *United States v. Rea*, 958 F.2d 1206, 1221-22 (2d Cir. 1992) ("Matters of the choice between competing inferences, the credibility of the witnesses, and the weight of the evidence are within the province

of the jury, and we are not entitled to second-guess the jury's assessments." )). Rather, the Court must "assume that the jury 'resolve[d] all issues of credibility in favor of the prosecution.'" *Id.* (quoting *United States v. Khan*, 787 F.2d 28, 34 (2d Cir. 1986) (alteration in original)); *see also Gruttola v. Hammock*, 639 F.2d at 927 ("[Petitioner] Gruttola's attempt to describe the police officers' testimony as a 'cover up' was an attack on the credibility of these witnesses, a matter settled by the jury."); *United States v. Dhinsa*, 243 F.3d 635, 648 (2d Cir.) (noting that on federal habeas review a court " 'may not substitute [its] own determinations of credibility or relative weight of the evidence for that of the jury' ") (quoting *Autuori*, 212 F.3d at 114), *cert. denied*, 534 U.S. 897 (2001).

Considering all of the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in its favor, and deferring to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony, as it must do under the law, this Court cannot say that the jury's guilty verdict was not rational. *See, e.g.*, *United States v. Carson*, 702 F.2d 351, 361 (2d Cir.1983) (a court must determine "whether the jury, drawing reasonable inferences from the evidence, may fairly and logically have concluded that the defendant was guilty beyond a reasonable doubt . . . view[ing] the evidence in the light most favorable to the government, and constru[ing] all permissible inferences in its favor") (internal citations omitted), *cert. denied sub nom. Mont v. United States*, 462 U.S. 1108 (1983). Hogan has not overcome his "heavy burden," *Dixon v. Miller*, 293 F.3d 74, 81 (2d Cir. 2002) (internal citations omitted), *cert. denied*, 537 U.S. 955 (2002), of showing that the evidence was insufficient and violated his Fourteenth Amendment's Due Process Clause protection against being convicted without proof of the elements of the crime with which he was charged beyond a reasonable doubt. Therefore, his

insufficiency of the evidence claim must be denied.

### 4. The weight of the evidence claim is not cognizable on federal habeas review.

Hogan contends in his petition that the "verdict is against the weight of the evidence and conviction should be reversed violation [sic] . . . of state constitutional due process and state statutory rights." Pet. at 8 (Docket No. 1). This "weight of the evidence" claim derives from New York Criminal Procedure Law ("C.P.L.") § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. Crim. Proc. Law § 470.15(5). Thus, a "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. *People v. Bleakley*, 69 N.Y.2d 490, 495 (N.Y. 1987).[1] Since a "weight of the evidence claim" is purely a matter of state law, it is not cognizable on habeas review. *See* 28

---

[1] The New York Court of Appeals explained the difference as follows:

> Although the two standards of intermediate appellate review-legal sufficiency and weight of evidence-are related, each requires a discrete analysis. For a court to conclude . . . that a jury verdict is supported by sufficient evidence, the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged. If that is satisfied, then the verdict will be upheld by the intermediate appellate court on that review basis.
>
> To determine whether a verdict is supported by the weight of the evidence, however, the appellate court's dispositive analysis is not limited to that legal test. Even if all the elements and necessary findings are supported by some credible evidence, the court must examine the evidence further. If based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must, like the trier of fact below, "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony."

*People v. Bleakley*, 69 N.Y.2d at 495, 515 N.Y.S.2d at 763 (citations omitted).

U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Estelle v. McGuire*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In making a "weight of the evidence" argument, petitioner has not asserted a federal claim as required by 28 U.S.C. § 2254(a). Instead, he has raised an error of state law, for which habeas review is not available. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (habeas corpus review not available to remedy alleged error of state law). Because Hogan's claim attacking the verdict as against the weight of the evidence does not present a federal constitutional issue cognizable in a habeas proceeding, *e.g.*, *Ex parte Craig*, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), *aff'd*, 263 U.S. 255 (1923), it must be dismissed, *e.g.*, *Garrett v. Perlman*, 438 F. Supp.2d 467, 470 (S.D.N.Y. 2006) (dismissing claim that conviction was against the weight of the evidence; such a claim is not a basis for habeas relief but presents only an error of state law, for which habeas review is not available); *Douglas v. Portuondo*, 232 F. Supp.2d 106, 116 (S.D.N.Y. 2002) (same).

**IV.    Conclusion**

For the reasons stated above, Bruce Hogan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Hogan has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    October 3, 2007
          Rochester, New York.